UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD SANDERSON, II**                                      CIVIL ACTION

**VERSUS**                                                     No. 09-941

**MARYLAND CASUALTY COMPANY**                                  SECTION: I/5

ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendant, Maryland Casualty Company, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is **DENIED.**

Plaintiff, Richard Sanderson, II ("Sanderson") filed a lawsuit in this Court alleging that his property, located at 5824 Plauche Court, Harahan, Louisiana, was damaged by Hurricane Katrina.[1] According to Sanderson's complaint, the property was insured by a homeowner's policy issued by Maryland Casualty Company.[2] Sanderson's complaint seeks payment for damages to his personal property and dwelling in addition to statutory penalties and attorney's fees for Maryland Casualty Company's alleged bad faith in adjusting his claim pursuant to Louisiana Revised Statutes 22:658 and 22:1220.[3]

Maryland Casualty Company admits that it issued an insurance policy for the property that is the subject of this lawsuit.

---

[1] Rec. Doc. No. 1, paras. 3, 5, 6.

[2] *Id.* at para. 2.

[3] *Id.* at paras. 15, 16, 17, 24, 25, 26

However, Maryland Casualty Company claims that it never issued a homeowner's policy to Sanderson as he alleged in his complaint, but instead that it issued a commercial insurance policy to Clear Communications, Inc. ("Clear Communications") for the property at issue in this lawsuit. As such, Maryland Casualty Company argues that because Sanderson is neither a party to the insurance agreement nor an insured, he lacks standing under Louisiana law to enforce the insurance agreement and he has does not a have a cause of action for penalties and attorney's fees under Louisiana Revised Statutes 22:658 and 22:1220.

Sanderson does not argue that he is the policyholder. Sanderson responds, however, that he filed the complaint as the president and director of Clear Communications.[4] Accordingly, Sanderson argues that Maryland Casualty Company had notice of the claim with respect to the insured property. Sanderson further requests that the Court permit him to amend the complaint.

In light of the federal policy in favor of liberal amendment of pleadings, Sanderson shall be afforded an opportunity to amend his complaint to name Clear Communications as the plaintiff. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)

---

[4]Louisiana Secretary of State's corporate database identifies Sanderson as the president and director of Clear Communications. Rec. Doc. No. 8-2. When resolving a 12(b)(6) motion to dismiss, U.S. District Courts may consider records, such as this, that constitute matters of public record. *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)("Federal Courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss"); *Hammond v. St. Francis Med. Ctr*, No. 06-101, 2006 WL 1675407, at *1 (W.D. La. Apr. 21, 2006)(considering articles of incorporation on file with the Louisiana Secretary of State in connection with a 12(b)(6) motion to dismiss).

(explaining that the Federal Rules of Civil Procedure "'evince a bias in favor of granting leave to amend'" (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981))); *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1256 (5th Cir. 1986) ("Generally, when a court dismisses a complaint under Rule 12, the court should allow the plaintiff leave to amend his complaint.").

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **DENIED** on the condition that plaintiff amend his complaint to substitute Clear Communications as the plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall file his amended complaint with the Court **no later than Wednesday, May 20, 2009, at noon**. Failure to timely file the amended complaint shall result in the granting of Maryland Casualty Company's motion to dismiss.

New Orleans, Louisiana, May 14th, 2009

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**